# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 25, 2012

Lyle W. Cayce
Clerk

No. 11-40580
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS AGUIRRE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-48-5

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Aguirre appeals his guilty plea conviction for conspiracy to possess five kilograms or more of cocaine, for which he received a 120-month prison sentence. He asserts that the factual basis did not establish his intent to join a narcotics conspiracy and was thus insufficient to support his guilty plea. Additionally, he maintains that the factual basis failed to establish that the conspiracy involved a minimum of five kilograms of cocaine and that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government failed to present additional evidence supporting such a drug quantity.

As Aguirre concedes, because he did not challenge the sufficiency of the factual basis in the district court, review is limited to plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). To show plain error, Aguirre must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Aguirre has not shown that the district court plainly erred in finding that there was a sufficient factual basis to support his guilty plea and the sentence imposed. The record as a whole indicates that Aguirre knowingly and voluntarily participated in an agreement to violate the drug laws. *See Trejo*, 610 F.3d at 317; *United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006). As for the pertinent drug quantity, Aguirre admitted that the offense involved at least five but less than 15 kilograms of cocaine; this stipulation is sufficient to establish a drug quantity of five kilograms or more of cocaine. Additionally, Aguirre does not assert that he would not have pleaded guilty but for the deficiencies in the factual basis. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Accordingly, the district court did not plainly err in finding that there was a sufficient factual basis supporting Aguirre's guilty plea and the sentence imposed. The judgment of the district court is AFFIRMED.